## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN L. CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-459-CAS |
| | ) | |
| JOAN M. GILMER and ROBERT McCULLOCH, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the motion of Kevin L. Chambers for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). In addition, plaintiff has filed a motion for a temporary restraining order. Based upon the financial information provided with his motion, the Court will grant plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, the Court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and will dismiss it prior to service of process. Plaintiff's motion for a temporary restraining order will be denied as moot.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the

Dockets.Justia.com

complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

### The complaint

Plaintiff seeks injunctive and monetary relief pursuant to 42 U.S.C. § 1983 against defendants Joan M. Gilmer (Clerk, St. Louis County Circuit Court) and Robert McCulloch (St. Louis County Prosecutor). Plaintiff's complaint is devoid of any allegations. However, in his motion for a temporary restraining order, plaintiff alleges that defendant Gilmer refused to process a complaint because said complaint identified the corruption in defendant McCulloch's office, including, *inter alia*, first degree assault, perjury, fraud and kidnaping. Plaintiff alleges that defendant McCulloch aided and abetted the concealment of state criminal offenses, including a brutal assault, committed by St. Louis County officers against plaintiff, for the purpose of protecting St. Louis County from lawsuits. Plaintiff alleges that his complaint disappeared and that defendants acted pursuant to a policy and practice of obstructing such complaints.

### Discussion

Liberally construing plaintiff's complaint, it appears that plaintiff alleges that defendants Gilmer and McCulloch conspired to violate his constitutional rights, in relation to an assault on him by St. Louis County Officers, by failing or refusing to file his complaint and failing or refusing to prosecute said officers. Plaintiff's conspiracy claims, however, fail to state a claim. Plaintiff's allegations are broad and conclusory, lacking an arguable basis in fact. *See Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (complaint subject to dismissal under § 1915(d) if allegations of conspiracy are inadequate); *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983) (allegations must at least include that "'defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding'" and provide some facts suggesting a

2

meeting of minds) (citations omitted).

Moreover, court clerks are entitled to absolute immunity from liability for damages when they perform tasks that are integral to the judicial process. *See Briscoe v. LaHue*, 460 U.S. 325, 334, 103 S.Ct. 1108, 1115 (1983) (common law absolute immunity protects all persons integral to the judicial process); *Boyer v. County of Washington*, 971 F.2d 100, 102 (8th Cir. 1992). In *Smith v. Erickson,* 884 F.2d 1108 (8th Cir. 1989), a case involving allegations that a federal court clerk lost a prisoner's § 1983 complaint and lied about it to the prisoner, the Eighth Circuit observed that "the filing of complaints and other documents is an integral part of the judicial process and [the clerk] would be protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks." 884 F.2d at 1111. Accordingly, defendant Gilmer is entitled to absolute immunity from liability in the processing of plaintiff's complaint because her performance of such tasks is integral to the judicial process.

Lastly, a prosecutor is absolutely immune from suit under § 1983 for damages when he acts within the scope of his prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984 (1976) (holding that ". . . in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"). Initiating a prosecution includes, generally, ". . . questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute . . . ." *Imbler*, 424 U.S. at 431, n.33, 96 S.Ct. at 996. Accordingly, defendant McCulloch is absolutely immune from suit under § 1983 for his decision not to initiate a prosecution based on plaintiff's allegations.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon

which relief may be granted or both.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [Doc. 3] be **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 15th day of March, 2006.

_____
**UNITED STATES DISTRICT JUDGE**

4